# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **W.P. HICKMAN SYSTEMS, INC.,** | : |
| **HICKMAN MANUFACTURING, INC.,** | : Jointly Administered at |
| **and A.M. TECHNOLOGIES, INC.,** | : Bankruptcy No. 08-26591-MBM |
| | : |
| Debtors. | : **Chapter 11** |
| | : |
| W.P. Hickman Systems, Inc., | : |
| Hickman Manufacturing, Inc., and | : |
| A.M. Technologies, Inc., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : **Adversary No. 10-2284-MBM** |
| | : |
| Southeast Building and Maintenance | : |
| Technicians, Inc. d/b/a Southeast | : |
| Building Maintenance, | : |
| | : |
| Defendant. | : |

## MEMORANDUM

**AND NOW,** this **26th day** of **October, 2010**, upon consideration of (a) the complaint by the instant plaintiffs (hereafter "the Reorganized Debtors") to avoid as preferential two transfers in the total amount of $116,758.09 that were made by the instant debtors (hereafter "the Old Debtors") to Southeast Building Maintenance, the instant defendant (hereafter "Southeast Building"), (b) the motion for partial summary judgment by Southeast Building with respect to one of the aforementioned transfers in the amount of $115,597.56 (hereafter "the $115,597.56 Transfer"), whereby Southeast Building contends that the $115,597.56 Transfer is immune from avoidance as a preference pursuant to the

"ordinary course of business" exception found at 11 U.S.C. § 547(c)(2)(A) & (B), and (c) the Reorganized Debtors' response to Southeast Building's partial summary judgment motion;

it is **hereby determined that the Court shall issue an order that denies Southeast Building's partial summary judgment motion**.

The reasons for the Court's decision are briefly set forth below.

First, Southeast Building contends that the $115,597.56 Transfer was made according to ordinary business terms – and is thus immune from preference avoidance pursuant to § 547(c)(2)(B) – on the ground that (a) such transfer was made pursuant to a standard form AIA contract between Southeast Building and the Old Debtors (hereafter "the Contract"), that is a contract that is set out on standard form AIA Document A142-2004, (b) AIA contracts – or, more accurately, contracts that are set out on AIA documents – reflect, as a matter of law, actual industry practices throughout the construction industry (which is the industry that Southeast Building and the Old Debtors operated within), and (c) the Contract should thus be deemed to contain ordinary business terms for the construction industry.  The Court will accept, at least for the sake of resolving the instant motion, that the standard form language that is contained in an AIA document can itself set forth terms that would constitute ordinary business terms for the construction industry.  Unfortunately for Southeast Building, at least three of the particular terms of the Contract that are at issue when considering Southeast Building's "ordinary business terms" defense under § 547(c)(2)(B) are

three dates contained in § 5.1.3 of the Contract (i.e., "the _Thirteenth_ day of month," "the _Thirtieth_ day of the following month," and "not later than _Sixty (60)_ days after"); each such date, instead of constituting part of the standard form language that was already existent in the standard form AIA Document A142-2004 that the parties used when creating the Contract, appears to have been inserted into blanks that are contained in such AIA Document A142-2004 at § 5.1.3 thereof. Because such dates are not themselves a part of the form language found in § 5.1.3 of AIA Document A142-2004 (i.e., only the three blanks in which such dates were inserted are a part of such document), and since the Court has no way to determine at this stage of the instant litigation whether such dates are consistent with some industry standard, the Court cannot determine at this time whether (a) such dates constitute ordinary business terms within the construction industry, and (b) the $115,597.56 Transfer was thus made according to ordinary business terms. Consequently, the Court must deny Southeast Building's partial summary judgment motion to the extent that the same is predicated upon an application of § 547(c)(2)(B) to the $115,597.56 Transfer.

Second, Southeast Building contends that the $115,597.56 Transfer was made in the ordinary course of business of the Old Debtors and itself, and is thus immune from preference avoidance pursuant to § 547(c)(2)(A), regardless of the fact that no prior history of dealings exists between Southeast Building and the Old Debtors. Southeast Buildings cites to several decisions, including that in <u>In re Forman Enterprises, Inc.</u>, 293 B.R. 848 (Bankr.W.D.Pa. 2003), wherein it was

indeed held that the lack of prior dealings between parties to a contract does not operate by itself as a bar to the availability of the defense under § 547(c)(2)(A), *see* Id. at 857; as luck would have it, however, and as Southeast Building concedes itself, other decisions exist that hold directly contrary on such point, *see* Id. (citing two cases for contrary position).  Furthermore, and as is noted in the Forman Enterprises decision, the Third Circuit has not addressed whether, and if so how, § 547(c)(2)(A) should be applied when there exists a lack of prior dealings between parties to a contract.  *See* Forman Enterprises, 293 B.R. at 857.  Finally, this Court is somewhat reluctant, at least at the present stage of the instant litigation, to apply to the instant matter the approach that was conceived by the Forman Enterprises court for applying § 547(c)(2)(A) when there exists a lack of prior dealings between parties to a contract; the reason for such reluctance by the Court is that – in the very words of the Forman Enterprises court – such "approach undeniably is 'fuzzy around the edges' and at times difficult to apply," Id. at 858.  Therefore, the Court will (a) deny Southeast Building's partial summary judgment motion to the extent that the same is predicated upon an application of § 547(c)(2)(A) to the $115,597.56 Transfer, (b) instead proceed to a trial on the matter, and (c) then, after such trial has culminated, ascertain whether it needs to deal with Southeast Building's § 547(c)(2)(A) defense vis-a-vis the $115,597.56 Transfer.

Therefore, the Court shall deny Southeast Building's partial summary judgment motion.

**BY THE COURT**

**/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| **W.P. HICKMAN SYSTEMS, INC., HICKMAN MANUFACTURING, INC., and A.M. TECHNOLOGIES, INC.,** | : | Jointly Administered at Bankruptcy No. 08-26591-MBM |
| Debtors. | : | **Chapter 11** |
| W.P. Hickman Systems, Inc., Hickman Manufacturing, Inc., and A.M. Technologies, Inc., | : | |
| Plaintiffs, | : | |
| v. | : | **Adversary No. 10-2284-MBM** |
| **Southeast Building and Maintenance Technicians, Inc. d/b/a Southeast Building Maintenance,** | : | |
| Defendant. | : | |

## ORDER OF COURT

**AND NOW,** this **26th day** of **October, 2010**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that Southeast Building's partial summary judgment motion is **DENIED**.

BY THE COURT

/s/
M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

copies to:

Michael A. Shiner, Esq.
Leonard F. Spagnolo, Esq.
(To be mailed by case administrator electronically)